KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Lee Gordon, | No.  CV 18-00041-TUC-RM (BGM) |
| Petitioner, | |
| v. | **ORDER** |
| R.L. Rhodes, | |
| Respondent. | |

Petitioner Michael Lee Gordon, who is confined in the United States Penitentiary-Tucson, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  In a February 1, 2018 Order (Doc. 3), the Court directed Petitioner to pay the filing fee or file an Application to Proceed In Forma Pauperis and dismissed the Petition with leave to file an amended petition on the court-approved form.  On February 9, 2018, Petitioner filed an Amended Petition (Doc. 5) and an Application to Proceed In Forma Pauperis (Doc. 6).

**I.    Application to Proceed In Forma Pauperis**

Petitioner's Application to Proceed In Forma Pauperis indicates that his inmate trust account balance is less than $25.00.  Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperis.  *See* LRCiv 3.5(b).

**II.    Amended Petition**

In his Amended Petition, Petitioner names Warden R. L. Rhodes as Respondent and claims his criminal sentence is unconstitutional.  On May 20, 1999, Petitioner was

convicted in the United States District Court for the Southern District of Ohio, case number 2:97cr167, of seven Hobbs Act violations under 18 U.S.C. § 1851 and seven firearm violations pursuant to 18 U.S.C. § 924(c). Petitioner was sentenced to 137 ½ years' imprisonment. Petitioner appealed and the Sixth Circuit Court of Appeals affirmed his conviction and sentence. *See United States v. Gordon*, No. 99-3679, 2000 WL 1785905 (6th Cir. 2000). In 2001, Petitioner filed a § 2255 motion, which the sentencing court denied.

On June 23, 2016, Petitioner filed, through counsel, a successive § 2255 Motion in the sentencing court (Doc. 498 in CR97-167), arguing his conviction and sentence were invalidated by *Johnson v. United States*, ___U.S.___, 135 S. Ct. 2551 (2015). On the same date, Petitioner also filed a request to file a second/successive petition with the Sixth Circuit Court of Appeals. On September 1, 2016, the Sixth Circuit denied Petitioner's request, noting that "§ 924(c) is unaffected by the holding in *Johnson*." *In re: Michael Lee Gordon*, No. 16-3629 (6th Cir. 2016), *citing United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).

In his Amended § 2241 Petition, Petitioner argues that his Hobbs Act convictions were not "crimes of violence" because they did not have the element that he "used [or] attempted to use or threatened to use force or violence during the crimes, so therefore [his] convictions and sentences for 18 U.S.C. [§] 924(c) are invalid and cannot stand because Hobbs Act robbery as it pertains to [Petitioner] and [his] case are not proper predicate offenses for enhancement of 18 U.S.C. § 924(c)." Petitioner further argues that *Johnson* "ruled the 'residual clause' unconstitutionally vague" and that the "use or attempted use of force" clause of § 924(c) is similarly vague and therefore unconstitutional. In his Memorandum of Law (Doc. 1), Petitioner argues that his claims are appropriately filed in a § 2241 petition because they are based on a new rule of law and because he is actually innocent of the § 924(c) convictions.

III. **Discussion**

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the

appropriate method for challenging a federally imposed conviction or sentence, including a challenge that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988). A § 2241 petition for writ of habeas corpus is not a substitute for a motion under § 2255. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The Court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). This exception is narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

The § 2255 remedy **is not** inadequate or ineffective merely because the statute of limitations bars Petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive petition. *See id.*; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Tripati*, 843 F.2d at 1162. The § 2255 remedy **is** inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). In determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-61).

The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. *McGhee*, 604 F.2d at 10; *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). Petitioner has failed to meet this burden because he has not demonstrated the § 2255 remedy was inadequate or ineffective to test the legality of his detention. In denying Petitioner's request to file a successive § 2255 motion that raised the same issues as the pending Petition, the Sixth Circuit determined *Johnson* did not invalidate § 924(c) and therefore Petitioner could not show its new rule of constitutional law applies to his case. Accordingly, the Court will dismiss the Amended § 2241 Petition and this case for lack of jurisdiction. *See* 28 U.S.C. § 2255(a); *Tripati*, 843 F.2d at 1163.

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed In Forma Pauperis (Doc. 6) is **granted**.

(2) Petitioner's Amended Petition Under 28 U.S.C. § 2241 (Doc. 5) and this case are **dismissed**.

(3) The Clerk of Court must **enter judgment accordingly and close this case**.

(4) Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 3rd day of May, 2018.

_____
Honorable Rosemary Márquez
United States District Judge